William J. Gregg, J.
This is a motion by defendant to dismiss the complaint, said complaint being for violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law of the State of New York, upon the grounds that
(a) Defendant did not receive an “ appearance ticket ” from the police department, and
(b) Defendant having been released on $300 bail, such bail was exorbitant and should have been in the maximum amount of $250, said charge being an unclassified misdemeanor (of. CPL 150.20,150.30).
The prosecution argues that the defendant was in fact given what amounts to an “ appearance ticket ”, and that although the *267 bail was excessive, defendant’s rights have not been injured thereby.
As to the argument that the bail was excessive and that the motion of the defendant with regard to the same should be granted, said motion is hereby denied.
As to the motion for an acquittal on the grounds that no appearance ticket was issued to defendant after he was placed on bail by a police officer, the court has made an investigation of the Criminal Procedure Law concerning appearance tickets and finds that CPL 1.20 (subd. 26) recites as follows: “ Appearance ticket ” means a written notice issued by a public servant, more fully defined in section 150.10, requiring a person to appear before a local criminal court in connection with an accusatory instrument to be filed against him therein. Therefore, we must look at CPL 150.10, and, in so doing, we find it states as follows: ‘£ § 150.10. Appearance ticket; definition, form and content. An appearance ticket is a written notice issued and subscribed by a police officer or other public servant authorized by law to issue the same, directing a designated person to appear in a designated local criminal court at a designated future time in connection with his alleged commission of a designated offense. A notice conforming to such definition constitutes an appearance ticket regardless of whether it is referred to in some other provision of law as a summons or by any other name or title.” (Italics supplied.) It is to be noted under the Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 11A, CPL 1-169, p. 559) that ‘ ‘ This section is new in that there is no definition of an appearance ticket — or of a 1 summons ’ of this nature * * * in the entire Criminal Code.”
In the instant case, the defendant was arrested for driving while intoxicated under the aforesaid section of the Vehicle and Traffic Law, and he was released on bail, and upon being released was given a statement required by CPL article 520 entitled “Bail and Bail Bonds ”, and in particular CPL 520.20. His bond reads as follows: “ State of New York; County of Orange: City Court: City of Port Jervis. The People of the State of New York against Charles A. Scott, Defendant. I, Charles A. Scott, defendant, residing at 25 Lumber Street in the City of Port Jervis, State of New York, do hereby personally undertake and agree that I will appear and answer to the complaint of a violation of Sec. 1192-3 V & T, at a Court of Special Sessions in the City of Port Jervis, N. Y., at the Court Room, City Hall in said City, to be held at 9:30 a.m., DST., on the 12 day of July, 1972, to answer the complaint and to there *268 remain to answer subject to any order of the magistrate, and render myselfi in execution thereof, or if I fail to perform either of these conditions, then I will pay to the City of Port Jervis, State of New York $300 to secure which payment there has been deposited herewith $300 cash or the following described personal property, to wit:-. Dated: City of Port Jervis, N. Y., the 10 day of July, 1972. (Signed) Charles Scott, Principal. Witness: Sgt. H. D. Roach, Port Jervis Police Department.”
It is to be noted that the defendant states that he is to appear before the City Court of the City of Port Jervis on the 12th dáy of July, 1972, to answer a charge of complaint of a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law, at a Court of Special Sessions in the City of Port Jervis, at the court room, City Hall in said city to be held at 9:30 a.m., DST., to answer the complaint and to there remain to answer subject to any order of the Magistrate, and render himself in execution thereof, or if he fails to perform either of these conditions, then he will pay to the City of Port Jervis $300, the amount of bail set forth in such personal undertaking. That is given to him and is witnessed by Sergeant Roach of the Port Jervis Police Department. The original of such copy goes to the City Court, a copy is made for the Police Department of the City of Port Jervis, and a copy of1 same is delivered to the defendant personally by the officer who has witnessed such undertaking. Such bond and the information contained therein definitely state all the facts required by the law as to the “appearance ticket” (GPL 150.10 et seq.).
In view of the foregoing, the motion of the defendant td dismiss such charge is hereby denied.